UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| KASSANDRA RAMIREZ, ) <br> ) <br>         Plaintiff, ) <br> ) <br>   v. ) <br> ) <br> CAROLYN W. COLVIN, Acting ) <br> Commissioner of Social ) <br> Security, ) <br> ) <br>         Defendant. ) <br> _____ ) | Case No. ED CV 15-01732-AS <br><br> **MEMORANDUM OPINION AND** <br><br> **ORDER OF REMAND** |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On August 26, 2015, Plaintiff filed a Complaint seeking review of the denial of her application for Supplemental Security Income. (Docket Entry No. 1). The parties consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 11-12). On January 19, 2016, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 14-15). The parties filed a Joint Position

1

Statement ("Joint Stip.") on July 6, 2016, setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 23).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15; "Orders Re: Procedures In Social Security Case," filed August 31, 2015 (Docket Entry No. 8).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On April 14, 2011, Plaintiff (through her mother Lourdes Ramirez) filed an application for Supplemental Social Security Income, alleging a disability since April 5, 2011. (AR 202-08). On July 16, 2013, the Administrative Law Judge ("ALJ"), Jennifer A. Simmons, heard testimony from Plaintiff, Plaintiff's mother Lourdes Ramirez, and vocational expert Gregory Jones. (See AR 68-95). On October 10, 2013, the ALJ issued a decision denying Plaintiff's application. (See AR 50-61). After determining that Plaintiff had severe impairments -- "bipolar disorder and findings of seizure focus on EEG" (AR 52)[1] -- the ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] to perform a full range of work at all exertional levels with the following nonexertional limitations: jobs involving simple routine tasks, occasional work in a teamwork setting, occasional contact with the public, no driving as a requirement, and no work at heights or around open water. (AR 57-60). After finding that Plaintiff had no past relevant work (AR 60), the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform, and

---

[1] The ALJ determined that Plaintiff's other impairments -- headaches, brain injury, broken pelvis, broken ankle, broken knee, broken left hand, broken back, and organic mental disorder or cognitive disorder -- were not medically determinable or were non-severe. (See AR 52-54).

[2] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. § 404.1545(a)(1).

2

therefore found that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 60-61).

Plaintiff requested that the Appeals Council review the ALJ's decision. (AR 41-43). On May 4, 2015, the Appeals Council granted the request based on the ALJ's failure to evaluate the testimony of lay witness Lourdes Ramirez, and indicated that it planned to make a finding of non-disability. (AR 198-201).

On July 1, 2015, after considering additional arguments and evidence, the Appeals Council issued a decision denying Plaintiff's application. (See AR 4-7). After making two findings -- "1. Appeals Council adopts in *toto* the Administrative Law Judge's Findings 1-10. The Appeals Council finds that the claimant has not been under a disability from April 13, 2011, the application date, through October 10, 2013, the date of the hearing decision." and "2. The Appeals Council accords little weight to Ms. Guadalupe-Ramirez's testimony." (AR 5), the Appeals Council found that Plaintiff was not disabled within the meaning of the Social Security Act. (AR 6).

The Appeals Council's decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the Appeals Council erred in: (1) according little weight to Lourdes Ramirez's testimony; and (2) rejecting the global assessment functioning scores assessed by Plaintiff's treating physician and the consultative examiner. (See Joint Stip. at 5-11, 18-23, 27-28).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's first claim of error warrant a remand for further consideration. Since the Court is remanding the matter based on Plaintiff's first claim of error, the Court will not address Plaintiff's second claim of error.

**A.   The ALJ Failed to Properly Assess The Credibility of The Testimoy provided by Plaintiff's Mother**

Plaintiff asserts that the Appeals Council failed to properly assess the testimony of Plaintiff's mother, Lourdes Ramirez. (See Joint Stip. at 5-11, 18-19). Defendant asserts that the Appeals Council provided sufficient reasons for discounting Lourdes Ramirez's testimony. (See Joint Stip. at 11-17).

At the hearing, Lourdes Ramirez testified as follows. Plaintiff lives with her and two other daughters, see AR 75-77 (she has a total of five daughters). She is not able to let Plaintiff stay alone because since the accident (which occurred on April 5, 2011; Plaintiff was discharged from the hospital on May 12, 2011, see AR 291-681), Plaintiff has become very dependent on her (she left Plaintiff with a friend when she went to Mexico four or five months ago, see AR 79-80). On a daily basis, she shops, cooks, and cleans for Plaintiff (Plaintiff "can't do anything on her own."). Since the accident, Plaintiff, even on medication, always fights with her 10-year-old sister, Plaintiff has mood swings, is aggressive and gets violent, and Plaintiff does not have any interest in doing things, such as swimming or going out with friends and family. She needs to remind Plaintiff to take her medications and to clean her face. She does not feel Plaintiff can work at a simple job because Plaintiff has short term memory loss, forgets what she is told to do, cannot focus, and gets tired easily. When Plaintiff's mother was asked about whether Plaintiff was tested (i.e., IQ) after returning to

school, she said the school stated they did not want to do the testing because Plaintiff was over 18 years old (and therefore, the school denied her request to place Plaintiff in a special education class or something similar in order for Plaintiff to be able to finish school). When asked about a consultative examiner's notations that Plaintiff did not show a lot of effort and had low test scores, she said that when Plaintiff is asked too many questions Plaintiff gets very confused and completely shuts up (which often happens to Plaintiff around the house). (See AR 83-91).

After briefly summarizing Lourdes Ramirez's testimony (see AR 5), the Appeals Council provided the following assessment of Lourdes Ramirez's testimony:

> In regards to the above testimony from Ms. Guadalupe-Ramirez, the Council notes that the school records show that the claimant received an A and B+ in English IV, B in Earth/Physical Science, and an A in Economics, with an overall GPA of 2.83. Records further fail to indicate any need for an IEP, or special education program, and there is no indication of behavioral problems at school (EX 13F). The Council further notes that the claimant reports that she attends to her own personal needs and hygiene, prepares simple meals, exercises, does household chores such as laundry, and basically reports spending time watching television, texting, talking on the phone, and listening to music. Further, as reference (sic) above, the claimant continued in school without any apparent difficulty. As Ms. Guadalupe-Ramirez testified that the claimant cannot be left alone, the claimant's mother was in a position to be aware of the above inconsistencies, which therefore diminishes the probative nature of her testimony. Thus, the Council accords little weight to the testimony, and adopts all of the Administrative Law Judge's Findings 1-10.

5

(AR 5).

The Court finds that the Appeals Council did not give germane reasons for finding Plaintiff's mother's testimony not credible. See Carmickle v. Commissioner, 533 F.3d 1155, 1164 (9th Cir. 2008); Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006); Smolen v. Chater, 80 F.3d 1273, 1288-89 (9th Cir. 1996). The reasons given by the Appeals Council simply were not "germane to" Plaintiff's mother. Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). First, the Appeals Council's reliance on certain grades achieved by Plaintiff after her accident, the apparent lack of a need for Plaintiff to have special educational programming after her accident, and the lack of an indication that Plaintiff had behavioral problems at school was improper, since Plaintiff's mother did not provide testimony about Plaintiff in any of those areas. Moreover, it is not clear whether the Appeals Council took into account the fact that Plaintiff was not able to receive a high school diploma based on her failure to pass the math portion of the California exit exam (see AR 72-73) or the fact that after the accident Plaintiff received poor scores in other subjects (see AR 722). Second, contrary to the Appeals Council's assertion, Plaintiff's testimony about her ability to perform certain daily activities was not inconsistent with Plaintiff's mother's testimony. Indeed, Plaintiff's testimony -- she does not drive a car after failing to pass a driver's test three times (AR 73); after the accident she forgets things easily, cannot focus or concentrate, and gets angry easily (AR 73-74); her mom is with her during the day, she does not go anywhere without her mom, and she does not take the bus (AR 74-75); her mom shops for her and reminds her to take her medication (AR 75; see also AR 226); she makes simple meals like cereal, sandwiches and soups, but does not cook because she does not use the stove due to forgetfulness to turn it off (AR 75, 77; see also AR 225); she does not get along with and sometimes fights with her two sisters who live at home (AR 75); she spends her day at home watching television, listening to music, and sometimes texting her boyfriend or going onto Facebook on the computer (AR 74-75, 77-78); her

condition affects her abilities to coordinate and match clothes and to wash and brush her hair (AR 224-25); she needs to be reminded to bathe and needs help bathing (id.); and she does laundry, but only once a month and with encouragement, due to a lack of interest (AR 225-26) -- appears to be consistent with her mother's testimony.

**C.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, supra, 211 F.3d at 1179-81.

Since the Appeals Council failed to properly assess Plaintiff's mother's credibility, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[3]

---

[3]   The Court has not reached any other issue raised by Plaintiff except to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." See Garrison v. Colvin, 759 F.3d 995,
(continued...)

7

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 9, 2016

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

[3] (...continued)
1021 (2014). Accordingly, the Court declines to rule on Plaintiff's claim concerning the Appeals Council's rejection of the global assessment functioning scores assessed by Plaintiff's treating physician and the consultative examiner (see Joint Stip. at 19-23, 27-28). Because this matter is being remanded for further consideration, this issue should also be considered on remand.